IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL NO. 1:94cr30WJG-JMR-4

FREDDIE LEON SIMMONS

O R D E R

THIS CAUSE comes before the Court on the motion [283] of Defendant Freddie Leon Simmons' to reconsider his sentence. Simmons appeared before this Court on May 16, 2007, and pleaded guilty to violations of his supervised release including (1) failing to report; (2) failing to notify probation of a change in residence; (3) being arrested in Memphis on charges of identity theft and forgery; and (4) failing to pay his fine.  Pursuant to his guilty plea, Simmons was ordered by the Court to serve a sentence of 60 months, in accordance with the maximum sentencing range provided by the United States Sentencing Guidelines [U.S.S.G.].  (Ct. R., Doc. 282.)

Defendant asserts that 18 U.S.C.A. § 3553 mandates a sentence which is "sufficient, but not greater than necessary" to reflect the "seriousness of the offense, promote respect for the law, provide for just punishment, adequate deterrence, and protection for the public, while taking into consideration the nature and circumstances of the offense and the history and characteristics of the defendant."

Defendant's request for a reduction in sentence asserts that the following factors mitigate in favor of a lesser sentence:  (1) Defendant was a Category I offender; (2) the U.S.S.G. recommended a range of imprisonment of 4 to 10 months for a Grade B violation, and 3 to 9 months for a Grade C violation; (3) Defendant previously served 3 years and 5 months of his 5 years of supervised release

successfully; and, (4) Defendant concedes the fact that he violated the terms of his supervised release and accepts responsibility for his crime.

The underlying purpose of 18 U.S.C.A. § 3553 is to instruct both the sentencing judge when determining an appropriate sentence, and the sentencing commission when forming the guidelines. *Rita v. U.S.,* 127 S.Ct. 2456, 2463, 75 U.S.L.W. 4471 (U.S. 2007).  The proper mechanism within which  Defendant may challenge the reasonableness of this Court's sentence is on direct appeal to the Fifth Circuit Court of Appeals.  Additionally, if properly informed of any possibly mitigating factors, and if the sentence is in accordance with the U.S.S.G., a District Court judge's reasoning at sentencing should be given a presumption of reasonableness on appeal.  *Id* at 2463.

From the record, it is clear that the Court was informed of the possible mitigating factors brought forth in the instant motion during defendant's sentencing hearing.  Defendant was further given ample opportunity to present any other factors which may have served to inform the Court of any and all facts which may have possibly mitigated his sentence.  As the instant motion advances no new mitigating factors of which the Court was not aware during sentencing, the Court finds no reason to reduce the sentence imposed in this case.

The Court, therefore, finds that Simmons' motion to reconsider sentence should be denied. It is therefore,

ORDERED AND ADJUDGED that Defendant's motion [283] sentence reduction be, and is hereby, denied.

SO ORDERED AND ADJUDGED this the 7th day of August, 2007.

                                                                 *Walter J. Gex III*
                                      UNITED STATES SENIOR DISTRICT JUDGE